IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DERRICK U. STRICKLIN, | |
| Petitioner, | 8:22CV279 |
| vs. | |
| SCOTT FRAKES, Director; | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on preliminary review of Petitioner Derrick U. Stricklin's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner was denied his right to due process and right to a fair trial because of the denial of a motion to sever his trial from his co-defendant.

Claim Two: Petitioner was denied his rights to procedural due process and equal protection because of the inclusion of inadmissible evidence.

| | |
|---|---|
| Claim Three: | Petitioner was denied his rights to procedural due process and equal protection because of the exclusion of exculpatory evidence. |
| Claim Four: | Petitioner was denied his right to confrontation of witnesses in violation of the Sixth Amendment because of the exclusion of impeachment evidence. |
| Claim Five: | Petitioner was denied his rights to a fair trial and due process due to erroneous and incomplete jury instructions. |
| Claim Six: | Petitioner was denied his right to due process of law due to prosecutorial misconduct where the prosecutor argued facts not in evidence during closing arguments. |
| Claim Seven: | Petitioner was denied his rights to a fair trial and due process because his conviction was obtained as a result of juror misconduct. |
| Claim Eight: | Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because counsel (1) failed to seek recusal of the trial court judge, (2) failed to object to defective jury instructions, (3) failed to file a notice of alibi and present alibi witnesses, (4) failed to object to prosecutorial misconduct during closing arguments and move for a mistrial, (5) failed to raise a confrontation objection during the motion for new trial hearing, (6) failed to raise substantive arguments and issues and call witnesses during |

new trial hearing, (7) failed to consult crime scene forensic expert, (8) failed to raise authentication objection regarding admission of cell phone records, (9) failed to adequately prepare for trial including failure to research, investigate, and contact potential witnesses, (10) failed to seek admission of a confidential informant's testimony, (11) erroneously advised Petitioner to waive his right to testify, (12) failed to argue lack of sufficient evidence to convict on direct appeal, and (13) failed to ensure the record on appeal was complete.

See *Id.* at 5–8, 31–54, 83–87.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. **Respondent should be mindful of and, if necessary, respond to Petitioner's assertions of "actual innocence" based on lack of evidence to the extent Petitioner relies on such allegations to excuse any procedural bar.[1]**

---

[1] While Petitioner frames his "actual innocence" allegations as an independent claim, Filing No. 1 at 8, 87, 93–94, "[t]he actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2019) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); *cf. Rouse v. United States*, No. 20-2007, 2021 WL 4202105, at *4 (8th Cir. Sept. 16, 2021) ("[I]t [is] an open question whether such freestanding claims of actual innocence are cognizable.") (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)).

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **January 19, 2023**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **January 19, 2023**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner

or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

5

A. By **January 19, 2023**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a

motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **February 21, 2023**: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 5th day of December, 2022.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Court