IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DERRICK U. STRICKLIN, | |
| Petitioner, | 8:22CV279 |
| vs. | |
| ROB JEFFREYS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner Derrick U. Stricklin's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and his motion for the appointment of counsel where Stricklin seeks counsel to assist him in prosecuting his case and preparing his response, Filing No. 19.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex, the petitioner's ability to investigate and articulate the claims is unusually impaired, or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), cert. denied, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

In support of his motion, Stricklin submits his case is a "Capitol First Degree Murder case"[1] where appointment of counsel is warranted as the "issues of the case [are] very complex" and include "Ineffective Assistance of Counsel, Severance, Alibi, Actual Innocence, Compulsory Process Clause Rights, Jury Misconduct, Prosecution Misconduct, Judicial Misconduct, and much more," the record is 10,000 to 20,000 pages, and Petitioner is neither trained as an attorney nor can he afford to hire counsel. Filing No. 19 at 1. Further Stricklin argues he is "unable to litigate, prepare and research the complex issues on his own," he has lost contact with the "uncertified legal aide" who was assisting him previously, and that without help it will be "nearly impossible for [him] to litigate his case before the [C]ourt" as his response [to Respondent's Answer] is due shortly and he is unsure "what to do next." *Id.* at 1–2.

The Court has reviewed the record and agrees that Petitioner's case presents issues which are very complex, the record is quite substantial, and that in the interests of justice the appointment of counsel is appropriate. Accordingly,

IT IS ORDERED that:

1.  Petitioner's motion for the appointment of counsel, Filing No. 19, is granted.

2.  James Regan is appointed to represent Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).[2]

---

[1] In his Petition Stricklin indicates he was convicted of two counts of first-degree murder, three counts of the use of a deadly weapon in a felony, and one count each of possession of a deadly weapon by a prohibited person and attempted intentional manslaughter, and he was sentenced on February 26, 2014, to two life sentences, four 15–25 year sentences, and one 6–5 year sentence, all to run consecutively. The Court notes that it was able to confirm Stricklin's conviction and sentences via the Nebraska Judicial Branch's online court records website, JUSTICE. *See* https://www.nebraska.gov/justice/case.cgi.

[2] Section 3006A(a)(2)(B) provides: "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who— . . . is seeking relief under section 2241, 2254, or 2255 of title 28."

3. James Regan is directed to promptly enter his appearance on Petitioner's behalf.

4. No later than June 5, 2023, counsel for Respondent and James Regan shall confer and file a joint motion suggesting a suitable progression of this case. The Court will enter an order progressing this case to disposition following the filing of the joint motion.

5. The Federal Public Defender is directed to provide James Regan with a CJA voucher in his capacity as administrator of the Criminal Justice Act panel.

6. The Clerk of the Court is directed to send a copy of this Memorandum and Order to the Federal Public Defender, James Regan, and all other parties who receive notice of filings in this case.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **June 5, 2023**: check for joint progression motion.

Dated this 5th day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court