IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DERRICK U. STRICKLIN, | |
| Petitioner, | 8:22CV279 |
| vs. | |
| ROB JEFFREYS, Director of the Nebraska Department of Correctional Services; | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on several motions filed by Petitioner relating to Petitioner's desire to supplement the record and Respondent's responses. Specifically, before the Court is Petitioner's Request for Additional Documents Due to Insufficient Record (the "First Motion to Supplement"), Filing No. 23, a "Motion to Add to Record" (the "Second Motion to Supplement"), Filing No. 35, a Motion filed in response to this Court's Order to Show Cause clarifying the Second Motion to Supplement and requesting additional documents (the "Third Motion to Supplement and Clarification"), Filing No. 39, Respondent's opposition to the Second Motion to Supplement, Filing No. 40, and supplemental state court records, Filing No. 41. Also before the Court are two Objections filed by Petitioner (the "Objections") to Respondent's Answer. Filing No. 26, Filing No. 27.

For the reasons set forth below the Objections, Filing No. 26 and Filing No. 27 shall be granted in part and denied in part. The First Motion to Supplement, Filing No. 23, shall be denied as moot.[1] The Second Motion to Supplement, Filing No. 35, shall be granted. The Third Motion to Supplement and Clarification, Filing No. 39, shall be granted in part and denied in part as moot. The Court shall also progress the case, resetting the deadline for Petitioner to file a brief in response to Respondent's answer on or before March 1, 2024.

## I. The Objections

In his Objections, Petitioner seeks orders forbidding Respondent from offering "new theories or advance[ing] argument to the Court that was not presented to the jury" and "barring the state from presenting any arguments that would relate to [P]etitioner's [Actual Innocence] claim" in its response. Filing No. 26 at 1; Filing No. 27 at 1. In a prior order, the Court explained that Petitioner may further address the arguments made in the Objections in his brief addressing Respondent's answer. *See* Filing No. 32. That order remains unchanged.

The Objections however are denied to the extent they seek an order forbidding Respondent from addressing Petitioner's actual innocence claims and an order barring Respondent from advancing arguments Petitioner alleges were not before the jury in Respondent's briefing addressing the Petition. *See* Filing No. 26 at 1, Filing No. 27 at 1–2. The Court shall not accept Petitioner's invitation to limit the arguments made by Respondent at this time. The Court does, however, grant the Objections to the extent the

---

[1] The Court, however, shall consider the reasons given by Petitioner that the requested documents are relevant to his claims in the First Motion to Supplement when addressing the Second and Third Motions to Supplement.

2

arguments presented in them, along with any additional discussion of these arguments in Petitioner's responsive briefing, shall be considered by this Court when the Petition is fully briefed.

Finally, Petitioner argues that if the state is allowed to respond to his actual innocence claim in their reply brief after allegedly failing to address it initially, Petitioner will not have a chance to rebut before the matter is taken up by the Court for a decision. Filing No. 27 at 2. The Court notes that if Petitioner believes additional briefing is necessary following Respondent's reply to Petitioner's response to the Answer (if Respondent chooses to file one), Petitioner may file, and the Court will consider, a motion seeking leave to file a surreply at that time.

## II. The Motions Seeking to Supplement the Record

Petitioner filed three motions seeking to supplement the record, seeking largely duplicative documents.

**A. The supplemental records sought.**

Petitioner's First Motion to Supplement, filed without the assistance of counsel on April 24, 2023, sought production of the following documents:

- Transcripts of three state court hearings held in August and September of 2013 (collectively the "Hearing Transcripts"):
    - Motion to Sever Transcripts – Supplemental Bill of Exceptions from a hearing before the state court on August 15, 2013, including the

> actual Motion to Sever which resulted in the August 15, 2013, hearing, and the briefs in support of the motion.[2]
>   - Transcripts for a "Default Hearing and Motion for Clarification."[3]
>   - Transcript for a Motion in Limine hearing filed on September 20, 2013.[4]

- Exhibits – Volume 10, 11, 12, and 13, cell phone record exhibits 254, 265, 267–70, 277, 278, 283, 284, and 289. Petitioner submits these records are critical for his presentation of claims 1, 2, 3, 6, 8 and 9, relating to his claim of actual innocence, ineffective assistance of counsel, and sufficiency of evidence claims.

- Depositions of Daryel Stricklin, Antoineya Richard, Hashim Cawthorn, and Derrick Stricklin. Petitioner submits these records are necessary to support his ineffective assistance of counsel claim and his actual innocence claim.

- A transcript of the "state[']s entire closing argument" including both the initial and rebuttal portions which he argues are necessary to support his sufficiency of evidence, actual innocence, and prosecutorial misconduct claims.

---

[2] Petitioner argues that both the Motion to Sever and the briefing were filed as exhibits in his postconviction deposition and are therefore part of the record. Petitioner submits he needs these records as they support his current due process and right to fair trial claims.

[3] Petitioner submits this transcript is necessary to support his due process and right to fair trial claims.

[4] Petitioner submits this transcript is necessary to support of his ineffective assistance of counsel claim ("Claim Eight").

- The bill of exception pages for witnesses O'Flynn, Gutierrez, Herfordt, McDonald, Scneider, Koch, Smith, Cabrera, Kirwan, Helligso, Harder, Cina, and Terrel which he argues support of his sufficiency of evidence claims.
- Bill of exceptions pages referenced by Petitioner in his "brief."
- A copy of a letter from juror Jerry Livingston and bill of exception pages relating to the hearing held due to the juror letter which Petitioner submits is required to support his juror misconduct claim.

Filing No. 23 at 1–4, 7.

After counsel was appointed, Filing No. 29, the Court ordered Petitioner to file a second motion to supplement the record, clarifying what documents listed in the First Motion to Supplement were still required by Petitioner.[5]  Filing No. 32.  Specifically, Petitioner was ordered to list which documents in the First Motion to Supplement remained outstanding (if any) and the legal basis for their production or alternatively to file a motion withdrawing the First Motion to Supplement. *Id.*

On October 5, 2023, Petitioner via his counsel filed a motion to add records (the "Second Motion to Supplement") specifically seeking the following Hearing Transcripts:

- A "record of a hearing on Motion to Sever filed by Petitioner's trial attorney and heard by the state trial court on August 16, 2013."
- A record of the September 13, 2013, hearing including a hearing on a Motion to Appoint New counsel.

---

[5] The Court performed a cursory review of the record and it appeared some of the requested documents in the First Motion to Supplement, Filing No. 23, were contained in the record, *see* Filing No. 11 and Filing No. 12.

5

- A record of a September 6, 2013, hearing where Petitioner's state attorney sought to have Petitioner declared indigent and that funds be provided to allow expert witnesses to be hired.

Filing No. 35. Petitioner submitted that none of the Hearing Transcripts were contained in any state court bill of exceptions or in the Respondent's designation of state court records contained in Filing No. 11.[6] Id.

Upon review of the Second Motion to Supplement the Court issued an Order to Show Cause explaining that it was unclear if Petitioner sought funds to obtain the Hearing Transcripts referenced in both the First and Second Motions to Supplement or if Petitioner possessed the Hearing Transcripts and simply wanted them to be made part of the case record. Filing No. 38 at 1–2. Because the Court was unable to ascertain the specific relief sought the Court issued an Order to Show Cause ordering Petitioner to provide details clarifying the Second Motion to Supplement in 30 days or the Second Motion to Supplement would be dismissed. Id.

In response, Petitioner filed a document titled "Supplemental Motion to Add to Record" (the "Third Motion to Supplement and Clarification") explaining that he sought to add the "verbatim" Hearing Transcripts and six trial exhibits to the current record, and for this Court to take judicial notice of a list of reported Nebraska Supreme Court decisions addressing disciplinary proceedings against Petitioner's trial counsel. Filing No. 39. Petitioner clarified the Hearing Transcripts were already in his possession and that via

---

[6] The Court notes that in the Second Motion to Supplement Petitioner did not mention any of the exhibits, deposition transcripts, or the letter from the juror previously mentioned in the First Motion to Supplement. Compare Filing No. 23 with Filing No. 35.

6

the Second Motion to Supplement he sought to have the transcripts formally admitted into the record of this case. *Id.* at 1–2.

**B. Analysis**

As the Court's June 9, 2023, order made clear, if any of the documents listed in the First Motion to Supplement had not been made part of the record and were still sought by Petitioner, he must file a supplemental motion listing the outstanding documents or withdraw the First Motion to Supplement. Filing No. 32 at 3. In response, Petitioner filed a Second Motion to Supplement and a Third Motion to Supplement and Clarification, seeking only the Hearing Transcripts previously requested in the First Motion to Supplement and production of six trial exhibits, as well as for this Court to take judicial notice of various of disciplinary proceedings against Petitioner's trial counsel. Filing No. 35; Filing No. 39.

As an initial matter, Respondent does not object to Petitioner's judicial notice request and produced the six trial exhibits listed in Petitioner's Third Motion to Supplement and Clarification. *See* Filing No. 41, Filing No. 41-1, Filing No. 41-2, Filing No. 41-3, Filing No. 41-4, Filing No. 41-5, and Filing No. 41-6. As Respondent produced the six trial exhibits and has no opposition to the judicial notice request, the only remaining issue in the Second and Third Motions to Supplement relate to the Hearing Transcripts.

Respondent objects to the admission of the Hearing Transcripts, arguing that Petitioner failed to set forth reasons the requested documents were relevant to any cognizable claims as required by this Court's November 15, 2023, order. Filing No. 40 at 1 (citing Filing No. 7 at 6–7). Respondent further argues that even if Petitioner had provided argument as to why the Hearing Transcripts were relevant, they still could not

7

be considered by this Court because the Hearing Transcripts were not before the state courts on appeal. Filing No. 40 at 2 (citing *Cullen v. Pinholster*, 563 U.S. 170 (2011)).

The Court notes that, in the First Motion to Supplement, Petitioner provided reasons why the Hearing Transcripts were relevant to his claims, *see* Filing No. 23 at 1, 3. While the Respondent is correct that this Court ordered Petitioner to list which documents remain outstanding from the First Motion to Supplement and their relevance, *see* Filing No. 38, the lack of this discussion in the Second Motion to Supplement, when already provided in the First Motion to Supplement, is not dispositive.

Respondent is correct that the U.S. Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181. However, it is unclear if the Hearing Transcripts were or were not part of the state court record. For example, Petitioner argues that the August 15, 2013, "Motion to Sever" hearing was "received as evidence at the evidentiary postconviction hearing held on January 30, 2020 . . . but did not appear in the state district court's file maintained by the Douglas County Clerk of the District Court at CR13-427." Filing No. 39 at 1–2.

Ultimately, to the extent Petitioner merely seeks to submit Hearing Transcripts (which amounts to written speech from state court trial or post-conviction hearings to this Court), the Court is not opposed to allowing Petitioner to submit such document in support of his claims for federal habeas relief for this Court's review. *See* Brian R. Means, Federal Habeas Manual § 5:10 ("Rule 7 does not require a litigant to secure a court order before submitting materials for the court to consider.") (citing *Shah v. U.S.*, 878 F.2d 1156, 1162 (9th Cir. 1989)). However, pursuant to Rule 7(c) of the Rules Governing Section 2254

8

Cases, "[t]he judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." See also Fisher v. Sabatka-Rine, No. 4:22CV3123, 2023 WL 3073731, at *1 (D. Neb. Apr. 25, 2023); Johnson v. Sabatka-Rine, No. 8:22CV68, 2022 WL 16554734, at *2 (D. Neb. Oct. 31, 2022); Martinez v. Whitmire, No. 8:20CV271, 2021 WL 5824551 (D. Neb. Dec. 8, 2021).

Accordingly, the Court will grant Petitioner leave to submit the Hearing Transcripts to this Court and to Respondent's counsel as required under Rule 7(c). Petitioner has until March 1, 2024, to submit the document, which is also the deadline for Petitioner to submit his brief in response to Respondent's answer. If Respondent objects to this Court's consideration of any of the Hearing Transcripts, such objections may be made in Respondent's reply which shall be due after the Hearing Transcripts and Petitioner's brief in response are filed.

IT IS THEREFORE ORDERED that:

1. The Objections, Filing No. 26 and Filing No. 27, are granted only to the extent the Court shall consider the arguments presented in them when the Petition is fully briefed. The Objections are denied to the extent they seek an order forbidding Respondent from addressing Petitioner's actual innocence claims in any reply Respondent may choose to file and an order barring Respondent from advancing arguments Petitioner alleges were not before the jury. While Petitioner may expound upon his arguments relating to whether the Court should consider Respondent's arguments on both issues, the Court shall not forbid Respondent from making such arguments in his briefing.

2. The First Motion to Supplement, Filing No. 23, is denied as moot.

3. Petitioner's Second Motion to Supplement is granted. Filing No. 35. Petitioner has until **March 1, 2024**, to file the Hearing Transcripts into the record of this case.

4. Petitioner's Third Motion to Supplement, Filing No. 39, is denied as moot to the extent Respondent has filed the six trial exhibits into the record and that the Court has already granted Petitioner's Second Motion to Supplement as it relates to the Hearing Transcripts. The remainder of the Third Motion to Supplement is granted. This Court takes judicial notice of the reported Nebraska Supreme Court decisions addressing disciplinary proceedings against Petitioner's trial counsel.

5. Petitioner shall have until **March 1, 2024**, to file his brief in response to Respondent's answer.

6. The Clerk's Office is directed to set the following pro se case management deadline: **March 1, 2024**: check for Petitioner's response to Respondent's answer.

Dated this 31st day of January, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court